IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHIVANGI MODY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-1357-N |
| § | |
| TEXAS A&M UNIVERSITY SYSTEM § | |
| HEALTH SCIENCE CENTER, *et al.*, § | |
| § | |
| Defendant. § | |

## ORDER

This Order addresses Plaintiff Shivangi Mody's motion for temporary restraining order and preliminary injunction [20]. Because the Court finds that Mody will not suffer irreparable injury in the absence of a temporary restraining order or preliminary injunction, it denies the motion.

### I. ORIGINS OF MODY'S MOTION

This case arises out of Mody's dismissal from Baylor College of Dentistry (the "College") in August 2009. Mody alleges that the College denied her procedural and substantive due process, retaliated against her for exercising her First Amendment rights, deprived her of her right to equal protection, and discriminated against her.

Mody, an Asian-Indian student, began her third year at the College in the fall of 2008. By the end of the academic year, she had failed to meet the requirements for two courses, Operative Dentistry and Fixed Prosthodontics. The College required her to remdiate both courses during its summer session in 2009. She passed Fixed Prosthodontics early in the

summer, but experienced difficulty in Operative Dentistry, a clinical course. According to Mody's complaint, the course's strict requirements made it "nearly impossible for her to pass." Pl.'s Second Am. Petition at 6 [1-11]. Mody alleges that she, along with other students remediating the course, voiced complaints regarding unfair grading and testing practices by her instructor, Dr. Christine Beninger.

On or about July 8, 2009, an incident occurred during the course of Mody's clinical practice, in which Mody exposed a patient's nerve when removing tooth decay. Mody alleges that Beninger assigned her a grade of zero for the exercise at issue and purported to suspend her clinical privileges without notice or a hearing. Mody subsequently failed the course, due to what she claims was discriminatory, arbitrary, and capricious behavior by Beninger.

After consideration by the College's Student Promotion Committee, the College decided to terminate Mody's enrollment.[1] Mody appealed the decision to the Committee, but it denied her appeal. She further appealed the decision to the College's Dean, who upheld the Committee's decision. Now, Mody seeks a temporary restraining order and preliminary injunction:[2]

---

[1]The parties dispute whether the College dismissed Mody on academic or disciplinary grounds. According to Mody, the College terminated her enrollment due to allegations of "patient abuse," which is a disciplinary issue. According to the College, it dismissed Mody because she failed to meet its academic standards.

[2]Mody filed suit in Texas state court in Brazos County in September 2009. Defendants subsequently removed the case to the Southern District of Texas, which transferred it to this Court.

      (a)    restraining Defendants from continuing to
            (1)    deprive Plaintiff of her constitutional rights of procedural due process, substantive due process, and freedom of speech;
            (2)    discriminate against her based on race, color, and/or ethnic origin;
            (3)    otherwise harass, threaten, or discriminate against her; and
      (b)    ordering Defendants to reinstate Plaintiff as a student at Baylor College of Dentistry in at least the third year of dental studies or higher

pending final determination of this action. Pl.'s Br. in Supp. of Prelim. Inj. at 30 [20].

## II. STANDARD GOVERNING PRELIMINARY INJUNCTIVE RELIEF

In order to obtain a temporary restraining order or a preliminary injunction,[3] the plaintiff must show "(1) a substantial likelihood that the plaintiff will prevail on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury; (3) the threatened injury to plaintiff outweighs any threatened harm to the defendant; and (4) granting injunctive relief will not disserve the public interest." *Libertarian Party of Tex. v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). A preliminary injunction "is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Bluefield Water Assoc., Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003)).

---

[3]"The standards governing a request for a preliminary injunction and a temporary restraining order are the same." *Morales v. City of South Padre Island*, 2010 WL 2292042, at *2 (S.D. Tex. 2010) (citing *Sanchez v. Fed. Bureau of Prisons*, 2005 WL 3555465, at *1 (N.D. Tex. 2005)).

### III. MODY FAILS TO DEMONSTRATE IRREPARABLE INJURY

The "threat of irreparable injury is 'perhaps the single most important prerequisite for the issuance of a preliminary injunction.'" 11A CHARLES ALAN WRIGHT & ARTHUR B. MILLER, FEDERAL PRACTICE AND PRACTICE AND PROCEDURE CIVIL 2d § 2948.1 (1995); *see Conlay v. Baylor College of Med.*, 2010 WL 774162, at *5 (S.D. Tex. 2010). In order to establish irreparable harm, a plaintiff must show that: (a) harm to the plaintiff is imminent; (b) the injury would be irreparable; and (c) the plaintiff has no other adequate legal remedy. *See Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975); *Conlay*, 2010 WL 774162 at *5; *H.D. Vest, Inc. v. H.D. Vest Mgmt. & Svcs., LLC*, 2009 WL 1766095, at *3 (N.D. Tex. 2009). If money damages are sufficient to compensate the threatened injury, the plaintiff cannot show irreparable harm. *DFW Metro Line Svcs. v. Sw. Bell Telephone Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) (per curiam); *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975).

Here, Mody asserts that she will suffer irreparable harm on three grounds. First, she claims that she will be unable to finish her dental school studies if she is kept out of school for too long. Second, she states that the College's "stigmatizing" charges of "patient abuse" may prevent her from continuing her studies at another dental school and may damage her career. Finally, she contends that her First Amendment retaliation claim establishes irreparable injury as a matter of law. The Court considers each of these allegations in turn.

### *A. Delay in Reinstatement*

Mody claims that if she is not reinstated in time for the 2010-2011 academic year,[4] she will be unable to catch up with her studies and, ultimately, unable to finish dental school. The only factual basis she offers to support this argument is Beninger's deposition, in which Beninger opines that "clinical skills can be quickly lost when not used on a daily basis, especially . . . at the student level." Pl.'s App. at 190. Although Mody might have to retake some clinical coursework in order to redevelop certain skills, she fails to show that the threatened harm – delay in the completion of her graduate studies[5] – is irreparable and that money damages are inadequate to compensate her alleged injury.

A court in the Northern District of Texas faced a similar fact pattern in *Foy v. University of Texas at Dallas*. 1997 WL 279879 (N.D. Tex. 1997), *aff'd* 1998 WL 327190, (5th Cir. 1998). There, a university dismissed a doctoral student from its program in alleged violation of his first amendment and due process rights. *Id.* at *1. The student sought a temporary restraining order and alleged that, in the absence of an injunction, he could not pursue his doctorate during the pendency of the litigation. *Id.* at *2. The district court denied the motion, stating: "having to put one's studies on hold for what will likely be, at most, one

---

[4]The parties dispute the start date for the upcoming academic year. According to Mody, it is August 13, 2010. According to the College, it already started on June 7, 2010.

[5]Mody offers no evidence to support her speculative allegation that a delay in her coursework will render her unable to finish dental school.

ORDER – PAGE 5

academic school year is not an irreparable injury to support a TRO." *Id.* The court continued:

> Assuming that Plaintiff wins his case, the Court sees no reason why Plaintiff would not be able to complete his doctorate after the close of the case; and [Plaintiff] would likely be entitled to monetary damages for the lost earnings he suffered as a result of not being able to finish his doctorate on schedule.

*Id.* at *2 (citing *DFW Metro Lines*, 901 F.2d at 1269); *see also Van Arsdel v. Tex. A&M Univ.*, 628 F.2d 344, 346 (5th Cir. 1980) (holding that a tenured associate professor would not suffer irreparable injury due to delay in reinstatement because "reinstatement after trial, coupled with back pay, would suffice to redress" the alleged wrong)); *Marsh v. Delaware State Univ.*, 2006 WL 141680, at *6 ("Plaintiff alleges that his education is being delayed; however, the Court is not persuaded that any delay amounts to irreparable harm.").

The Fifth Circuit affirmed the district court's decision in *Foy*. 1998 WL 327190 (5th Cir. 1998). It concluded that the plaintiff "alleged the sort of injuries, e.g., loss of income, loss of time, loss of reputation, for which money damages are appropriate." *Id.* at *1 (citing *Sampson v. Murray,* 415 U.S. 61, 90 (1974)).

The Court agrees with the analysis in *Foy*. If the Court ultimately finds that reinstatement is appropriate, money damages will be adequate to compensate Mody for any lost time in her academic or professional career. Thus, Mody fails to demonstrate irreparable harm on the basis of a delay in her reinstatement.

### *B. Stigmatization or Reputational Harm*

Mody further alleges that the College's charges of "patient abuse" may prevent her from continuing her studies at a different school and may impact her ability to engage in the dental profession. There are some circumstances in which the threat of reputational harm may constitute irreparable injury. *See, e.g.*, *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047 1056 (5th Cir. 1997) (holding that "the threat to a plaintiff's reputation and ability to procure comparable employment, not to mention the egregious and constitutionally infirm hearing she was subject to," were sufficient to satisfy irreparable injury where the plaintiff provided strong evidence of severe reputational harm); *but see Foy*, 1998 WL 327190 at *1. Here, however, Mody fails to demonstrate that the alleged harm is imminent and that it cannot be compensated by money damages.

First, Mody fails to show that the threatened injury to her reputation is an immediate risk.[6] In support of her argument, Mody cites Berry's deposition testimony, in which he states that *if* other dental schools or a licensing authority learned that Mody was accused of "patient abuse," Mody's career could suffer. Pl.'s App. at 42. However, this risk is hypothetical and unlikely. The College denies that Mody committed "patient abuse" sufficient to support a dismissal for misconduct. *See* Def.'s Resp. at 8 [24]. According to the College, it terminated Mody's enrollment based on her overall academic performance,

---

[6]A party seeking a preliminary injunction must show more than mere fear or speculation that the harm will occur. 11A WRIGHT & MILLER § 2948.1 (citing cases).

not the incident that occurred on July 8, 2009.[7] *Id.* Mody's counsel asked the College's Dean, James Cole, in his deposition: "And as you understood it, as you reviewed the matter and made your decision, and even today, Ms. Mody was not charged with patient endangerment or patient abuse, was she?" Pl.'s App. 284. Cole answered: "She was dismissed on the basis of her academic progress. I did not see a disciplinary action." *Id.* Later in the deposition, Cole confirmed the College's position:

> Q: Okay. If it became known to other dental schools that she was really silently charged with – or accused of patient abuse, do you believe that that would be a stigmatizing charge?
> A: If – if they knew – okay. Speaking hypothetically, if they knew that she was charged with that, it would – it would be brought up in her interview, I think. They would at least talk to her about it in the interview.
> Q: Would it be damaging to her chances?
> A: Depends on her answer.
> Q: So you don't think that just the fact that she might have been accused of, in whole or in part terminated from this program for alleged patient abuse, you don't think that would be stigmatizing to her career opportunities?
> A: Except that – Except that wasn't the case. The case was that she failed, and that's why she's not in the program anymore.

Pl.'s App. at 291 (objections overruled and omitted). Because Mody fails to show that there is a meaningful risk that the college would damage her reputation by disclosing allegations of "patient abuse," the threatened injury is not imminent.

Moreover, Mody fails to show – or even argue – that any alleged harm to her reputation cannot be compensated by money damages. *See Foy*, 1998 WL 327190 at *1;

---

[7]Mody does not argue that the College's allegations of poor academic performance constitute irreparable harm to her reputation.

ORDER – PAGE 8

*Conlay*, 2010 WL 774162 at *6.  Thus, Mody fails to demonstrate irreparable harm on the basis of reputational injury.

### C. Deprivation of First Amendment Rights

Mody briefly asserts that her First Amendment retaliation claim establishes irreparable harm.  She cites *Playboy Enters. v. Meese* to support her position.  639 F. Supp. 581, 586 (D.D.C. 1986).  There, the Court noted: "A deprivation of a First Amendment right, that is a prior restraint on speech, a right so precious in this nation, constitutes irreparable injury." *Id.* at 586 (citing *Dombrowski v. Pfister*, 380 U.S. 479, 489 (1965)).  Here, Mody does not argue or allege that the College has effected a prior restraint on speech of any kind.  Thus, the case is inapposite.

The Court recognizes the longstanding precedent that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Here, however – unlike in *Elrod* – Mody does not allege any current or ongoing limitation on her right to free speech.[8]  Rather, she claims that the College terminated her enrollment because of her exercise of free speech.  This distinction is important because "on the one hand a person has lost his First Amendment right and has retained his [enrollment].  On the other hand a person has lost his [enrollment] but retained his First Amendment rights. Therefore, in the latter case, the damage is the loss of

---

[8]Mody does not claim that the alleged retaliation has chilled her future speech, so as to constitute irreparable injury.  *See Shady v. Tyson*, 5 F. Supp. 2d 102, 109 (E.D.N.Y. 1998) (discussing whether the chilling effect of First Amendment retaliation is sufficient to constitute irreparable injury).

income, not the loss of First Amendment rights." *Blum v. Schlegel*, 830 F. Supp. 712, 723 (W.D.N.Y. 1993), *aff'd*, 18 F.3d 1005 (2d Cir. 1994) (in the employment context); *see also Shady*, 5 F. Supp. at 109.  In other words, Mody has already lost her ability to study at the College and, now, she is free to speak on any subject she wishes.  Thus, the threatened injury is not imminent.  Accordingly, Mody fails to demonstrate irreparable harm on the basis of the College's alleged First Amendment retaliation.

In sum, none of the grounds on which Mody relies are sufficient to establish irreparable injury.  Because Mody fails to carry her burden on one of the requisite elements, Mody is not entitled to a temporary restraining order or a preliminary injunction.  *See Bluefield Water Assoc., Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009)

## CONCLUSION

Because Mody fails to demonstrate irreparable injury, the Court denies her motion for a temporary restraining order and preliminary injunction.

Signed August 11, 2010.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 10